**James G. ROBIDEAU, Petitioner-Appellant,**

v.

**B. J. RHAY, Superintendent, Washington State Penitentiary, Respondent-Appellee.**

**No. 23241.**

United States Court of Appeals, Ninth Circuit.

Sept. 16, 1970.

Joseph C. Melino (argued), San Jose, Cal., for appellant.

Stephen C. Way, Asst. Atty. Gen., (argued), Slade Gorton, Atty. Gen., Olympia, Wash., for appellee.

Before JERTBERG, DUNIWAY and KILKENNY, Circuit Judges.

PER CURIAM:

In Robideau's trial in the Superior Court of King County, Washington, on a charge of robbery, error occurred of the type that we later held to be of constitutional dimension in Fowle v. United States, 9 Cir. 1969, 410 F.2d 48. Robideau appealed to the Supreme Court of Washington, which held that there had been no error. State v. Robideau, 1967, 70 Wash.2d 994, 425 P.2d 880. Robideau then raised the same issue in the present petition for a writ of habeas corpus. The District Court denied the

writ for the same reason as was given by the Supreme Court of Washington. Under our decision in *Fowle, supra,* it is now clear that there was constitutional error.

The position of the Attorney General now is that the error was harmless beyond a reasonable doubt. See Chapman v. California, 1966, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. However, all that the District Court had before it was the opinion of the Washington Supreme Court, and it is clear from that opinion that the Court did not pass upon the question now raised for the reason that it found that there was no error. It also appears from our own inquiries that the Washington Supreme Court did not have before it a complete transcript of Robideau's trial, nor did the District Court, which denied the petition without calling for a return by Robideau's custodian. It is difficult for us to see how the question can be decided without such a record.

The order is reversed and the matter is remanded to the District Court with directions to call for a return to the writ and to determine from the transcript of Robideau's state trial, if such a record can be obtained, whether the error was harmless beyond a reasonable doubt. If the District Court finds that the error was not harmless, beyond a reasonable doubt, or that it cannot determine the question because a record of the trial is not available, it shall issue the writ unless the state grants Robideau a new trial within a time fixed by the District Court. If the District Court finds that the error was harmless beyond a reasonable doubt, it shall deny the writ. Any appeal from such denial may be heard upon the present record, supplemented by such additional record as may be necessary.