James G. **ROBIDEAU**, Petitioner-Appellant,

v.

B. J. **RHAY**, Superintendent, Washington State Penitentiary, Walla Walla, Washington, Respondent-Appellee.

No. 71–1328.

United States Court of Appeals, Ninth Circuit.

Dec. 7, 1971.

---

James G. Robideau, in pro. per.

Stephen C. Way, Asst. Atty. Gen., Olympia, Wash., for respondent-appellee.

Before MERRILL, BROWNING, and CHOY, Circuit Judges.

PER CURIAM:

In Robideau v. Rhay, 431 F.2d 880 (9th Cir. 1970), we reversed an order denying petitioner's application for a writ of habeas corpus and remanded the case to the district court with instructions to determine if the prosecutor's comment on petitioner's exercise of his Fifth Amendment right "was harmless beyond a reasonable doubt." That court found the comment harmless. Petitioner appeals from the order entered on this finding. We affirm.

At petitioner's trial for robbing a supermarket, six store employees positively identified him as the robber. The robbery took place in a well lighted store; all the witnesses were within a few feet of the robber; the robber's disguise was amateurish. Each of the witnesses remained unshaken in his identification of petitioner as the robber in the face of extensive cross-examination. Petitioner's defense was alibi. His uncorroborated testimony was that he was "in hiding" on the night in question because of his recent escape from a California prison. The comment which we found objectionable on the prior appeal concerned petitioner's failure to relate his alibi to the arresting officers.

On a review of the record before us, we agree with the district court that the error was harmless beyond a reasonable doubt. Petitioner's uncorroborated alibi was weak, while the evidence supporting his conviction was "overwhelming." Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The case against him is not "woven from circumstantial evidence," id., but rests upon the uncontradicted and unshaken testimony of eyewitnesses to the robbery.

Denial of the writ is affirmed.